UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-CR-117 CAS |
| | ) | |
| JIMMIE LEE MILLS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Jimmie Lee Mills' letter to the Court, which the Court construes as a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion on the basis that § 3582(c)(2) is inapplicable to defendant's case, because the guideline range applicable to defendant's offense of possessing an unregistered firearm has not been the subject of a reduction that has been retroactively applied by the United States Sentencing Commission. Defendant did not file a reply and the time to do so has passed. The Court will deny defendant's motion for sentence reduction, for lack of jurisdiction.

**Discussion**

Defendant Mills' motion for sentence reduction is based upon two grounds: (1) his assertions that he was unaware that having firearms in his home as a felon was illegal, that he never touched or possessed the firearms, and that he has been an upstanding member of the community for thirty years; and (2) his age and the declining state of his health. Defendant asserts that "given [his] age and debilitated medical condition, it is highly unlikely that [he] might reoffend again." Def.'s Mot. at 6.

The statute pursuant to which defendant has filed the instant motion, 18 U.S.C. § 3582(c)(2), strictly limits a court's ability to modify a term of imprisonment. The statute provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant essentially seeks release from prisoner as a matter of the Court's reconsideration of his sentence or, in the alternative, as a matter of compassionate release. A federal court may modify a criminal sentence within seven (7) days after it is orally announced. See Federal Rule of Criminal Procedure 35(a), (c). The seven-day limit is jurisdictional. See United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000). After the seven day period has passed, a district court lacks jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582. Id. (quoting 18 U.S.C. § 3582(c)).

Subsection (c)(2) of 18 U.S.C. § 3582 limits the Court's authority to modify a final judgment to the situation where a defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Defendant does not allege that his sentencing range has been subsequently lowered and, as the government asserts, the applicable guideline range for the offense of possessing an unregistered firearm has not been reduced. The Court therefore cannot reduce defendant's sentence pursuant to § 3582(c)(2).

Because defendant has filed his motion pro se, the Court construes it liberally. See <u>Smith v. St. Bernards Reg'l Med. Ctr.</u>, 19 F.3d 1254, 1255 (8th Cir. 1994). The statutory basis, if any, for defendant's argument based on his age and medical condition would be 18 U.S.C. § 3582(c)(1)(A). This subsection provides:

> (c) **Modification of an imposed term of imprisonment**. The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment). After considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A)(i).

This subsection provides that a court may modify a final judgment <u>upon a motion by the Director of the Bureau of Prisons</u> ("BOP") for "extraordinary and compelling reasons," or where a defendant is at least 70 years of age and has served at least 30 years in prison after being sentenced pursuant to 18 U.S.C. § 3559(c).

3

Mills is not eligible for a special circumstances reduction in his sentence based on his age and medical condition. Although the Court is sympathetic to defendant's condition, section 3582(c)(1)(A) requires that the Director of the BOP file a motion, see United States v. Smartt, 129 F.3d 539, 541 (10th Cir.1997), and no such motion has been filed in this case. The Court is not free to ignore the requirements that Congress has established for modification of a criminal sentence. See United States v. Blackwell, 81 F.3d 945, 946 (10th Cir. 1996) ("Congress has authorized the federal courts to modify a sentence only in limited circumstances. [If] no congressional enactment authorize[s] the court to modify Defendant's sentence in the instant case, the court [will] lack[] jurisdiction to do so.").

For the foregoing reasons, the Court concludes that it lacks jurisdiction to reduce defendant Mills' sentence and, as a result, defendant's motion to reduce his sentence must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jimmie Lee Mills' Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1) and (2) is **DENIED**. [Doc. 15]

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of August, 2014.